UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS, Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>NSC COMPANIES, INC.,<br>PATRICIA A. THOMPSON, and the<br>NSC COMPANIES, INC. 401(k) PLAN,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 10-4544 |

## COMPLAINT

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, brings this action against Defendants, NSC Companies, Inc., Patricia A. Thompson, and the NSC Companies, Inc. 401(k) Plan, pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), for appropriate equitable and remedial relief under ERISA Sections 409 and 502(a)(5), 29 U.S.C. §§ 1109 and 1132(a)(5); to enjoin violations of the provisions of Title I of ERISA; and to obtain other appropriate relief to redress violations and to enforce the provisions of Title I of ERISA.

I.

Jurisdiction of this action is conferred upon the Court by ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1).

II.

Venue of this action lies in the United States District Court, for the Southern District of Texas, Houston Division, pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

III.

The NSC Companies, Inc. 401(k) Plan ("Plan") is, and at all times hereafter mentioned was, an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3). The Plan was established by, and at all times hereinafter mentioned, was maintained by an employer engaged in commerce or in an industry or activity affecting commerce and is subject to Title I including Title I, Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a). During all times hereinafter mentioned, the Plan has been administered in Houston, Harris County, Texas within the jurisdiction of this Court.

The Plan is joined as a party Defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

IV.

A.      Defendant Patricia A. Thompson is a resident of Houston, Harris County, Texas, within the jurisdiction of this court, and was engaged in business in Houston, Harris County, Texas, and is subject to this Court's jurisdiction pursuant to ERISA Section 502(e)(2), 29 U.S.C. Section 1132(e)(2). Defendant Thompson is, and at all times hereinafter mentioned was, the President, Chief Executive Officer and owner of NSC Companies, Inc. Defendant Thompson, at all relevant times, has had and exercised discretionary authority, control, and responsibility over Plan management and administration and had actual control over Plan assets in that she controlled the funding of the Plan and disposition of Plan assets. Thus, Defendant Thompson is, and at all relevant times has been, a fiduciary and a party in interest with respect to the Plan

2

within the meaning of ERISA Sections 3(14) and 3(21)(A), 29 U.S.C. Sections 1002(21)(A) and 1002(14).

B.  Defendant NSC Companies, Inc. is and at all times hereinafter mentioned was, a Texas corporation engaged in business in Harris County, Texas with places of business at 2630 Fountain Drive in Houston, Texas, within the jurisdiction of this Court. At all times hereafter mentioned, Defendant NSC Companies, Inc. has been an employer, administrator and a Plan sponsor with respect to the Plan within the meaning of ERISA Sections 3(5) and 3(16)(A) and (B), 29 U.S.C. §§ 1002(5) and 1002(16)(A) and (B). At all times hereinafter mentioned, Defendant NSC Companies, Inc. had or exercised discretionary authority, control and responsibility respecting management and administration of the Plan or the Plan's assets and has been a fiduciary with respect to the Plan within the meaning of ERISA Sections 3(21)(A), 29 U.S.C. § 1002(21)(A). Defendant NSC Companies, Inc. also is a party in interest to the Plan within the meaning of ERISA Sections 3(14), 29 U.S.C. § 1002(14).

V.

A.  During the period January 6, 2006 through and including the present, Defendants Patricia A. Thompson and NSC Companies, Inc. were fiduciaries with respect to the Plan and violated the provisions of ERISA, in that they:

(1)  Failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

(2)  Failed to discharge their duties with respect to the Plan with the care, skill, prudence and diligence under the circumstances that a prudent person acting in a like capacity

3

and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

   (3) Caused the Plan to engage in transactions which they knew or should have known constitute a direct or indirect transfer to, or use by or for the benefit of, a party in interest, assets of such plan in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D);

   (4) Dealt with the assets of the Plan in their own interests or for their own account in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1);

   (5) Engaged in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of such Plan and the interests of its participants and beneficiaries in violation of Section 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2);

   (6) Caused the assets of the Plan to inure to the employer's benefit and failed to hold such assets for the exclusive purpose of providing benefits to participants in the Plan in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1);

  B. The aforementioned violations occurred in, but were not limited to, the following Plan transactions: failure to remit and failure to timely remit employee contributions and Plan assets to the Plan; failure to undertake efforts to pursue or protect the Plan's right to collect employee contributions to the Plan; failure to segregate the Plan's assets; permitting a party in interest to use employee contributions for its own benefit; and failure to properly administer and manage the Plan.

VI.

As a result of engaging in breaches of their fiduciary responsibilities, obligations, or duties and by engaging in transactions prohibited by ERISA, as described in Part V, Defendants Patricia A. Thompson and NSC Companies, Inc. have caused the Plan to suffer financial losses

for which they are liable pursuant to ERISA Section 409(a), 29 U.S.C. § 1109(a).

VII.

Pursuant to the provisions of ERISA Section 405, 29 U.S.C. § 1105, Defendants Patricia A. Thompson and NSC Companies, Inc., fiduciaries with respect to the Plan, are personally liable for the breaches of fiduciary responsibility set forth in paragraph V, above, committed by their co-fiduciary with respect to the Plan.

VIII.

WHEREFORE, cause having been shown, Plaintiff, Secretary of Labor prays that this Court:

1. Order a full accounting of the Plan to confirm Plan losses and appropriate restitution;

2. Permanently enjoin Defendants Patricia A. Thompson and NSC Companies, Inc. from violating the provisions of ERISA;

3. Order Defendants Patricia A. Thompson and NSC Companies, Inc. to restore all losses to the Plan, with interest thereon, resulting from their breaches of fiduciary obligations and to correct all prohibited transactions and, if necessary, to off set any claims which they may have against or with the Plan against the amount of losses, including lost opportunity costs, resulting from their violations;

4. Order Defendants to appoint an independent fiduciary to the Plan to be approved by Plaintiff and the Court for the limited purpose of ensuring that Plan assets recovered in this action are disbursed to Plan participants with quarterly progress reports to the Plaintiff, and once all funds have been disbursed, to terminate the Plan;

5. Order that any expenses associated with the appointment of an independent

fiduciary and the subsequent administration and termination of the Plan be paid by Defendants;

6. Permanently enjoin Defendant Patricia A. Thompson from acting as a fiduciary to the Plan or any other employee benefit plan covered by ERISA;

7. Award Plaintiff costs of this action; and

8. Provide such other remedial relief as may be appropriate.

Respectfully submitted,

                                                 M. PATRICIA SMITH
                                                 Solicitor of Labor

                                                 JAMES E. CULP
                                                 Regional Solicitor

                                                 ROBERT A. GOLDBERG
                                                 Counsel for ERISA

ADDRESS:

Office of the Solicitor                      **/S/ Richard M. Moyed**
U.S. Department of Labor                RICHARD M. MOYED
525 S. Griffin St., Suite 501            Attorney in Charge
Dallas, Texas  75202                    Texas Bar No. 14612550
Telephone:  972/850-3141
Facsimile: 972/850-3101
E-mail address: moyed.richard@dol.gov

                                                 Attorneys for Plaintiff.

RSOL No. 10-00684